UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARGARET COPPERNALL,

                        Plaintiff,

v.                                                           Civil Action No. _____

ALW SOURCING, L.L.C., and
NCO PORTFOLIO
MANAGEMENT, INC.,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Margaret Coppernall, formerly Peggy A. Orth, is a natural person residing in the County of Monroe and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant ALW Sourcing, L.L.C., (hereinafter "ALW") is a foreign limited liability company organized and existing under the laws of the State of Maryland and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant NCO Portfolio Management, Inc., (hereinafter "NCO") is a foreign corporation organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to either Defendant herein shall mean the Defendants or an employee of the Defendants.

### IV. FACTUAL ALLEGATIONS

10. That upon information and belief, Plaintiff Coppernall's former husband, Edward Orth, incurred a credit card debt to Sears on or about April 1, 1991. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff not involved in the establishment of the aforementioned credit card account was unaware of the existence of the subject debt prior to Defendant's notification that she allegedly owed such debt.

13. That Edward Orth thereafter defaulted on the subject debt.

14. That upon information and belief, the subject debt was either transferred or assigned to Defendant NCO, who then employed Defendant ALW to collect on the subject debt.

15. That on or about December 17, 2008, Plaintiff received an automated message from Defendant ALW notifying her that they were attempting to collect the subject debt.

16. That shortly after, Plaintiff contacted Defendant ALW to inquire about the nature of the subject debt. Defendant told her that the alleged debt was established under her name in 1991 and charged off in 1999.

17. That Plaintiff immediately disputed the validity of the aforementioned debt and requested Defendant ALW mail her documentation validating said debt.

18. That for the next several days, Defendant ALW continued to make telephone calls to Plaintiff's cellular telephone in an attempt to collect the subject debt. When Plaintiff did answer said calls, she would dispute the validity of said debt and demand Defendant ALW mail her a validation letter.

19. That despite Plaintiff's repeated declarations that the debt was invalid, Defendant ALW persisted in demanding full payment on the subject debt.

20. That in or about January of 2009, an employee named "Keith Anderson" promised Plaintiff that they would mail her a validation letter. In addition, Defendant ALW made an offer to accept $1109.86 as settlement in full satisfaction of the alleged debt.

21. That despite Defendant ALW's aforementioned promise that they intended to mail Plaintiff a validation letter, they did not intend to take such action.

22. That Plaintiff unequivocally refused to enter into a settlement agreement by declaring that she did not intend to make any payment on the disputed debt given that Defendant ALW failed to provide any documentation supporting the validity of said debt. Plaintiff informed Defendant ALW that she did not believe she owed such a debt and moreover, the alleged debt never appeared on her credit report.

23. That notwithstanding Plaintiff's rejection of the aforementioned settlement offer, Defendant ALW falsified the record of the aforementioned telephone conversation in a letter dated June 6, 2009 misstating that Plaintiff had agreed to accept Defendant ALW's settlement proposal of $1109.86. Said letter also mandated full payment be received by Defendant ALW no later than January 9, 2009.

24. That on or about January 9, 2009, Defendant ALW mailed a second letter soliciting payment from Plaintiff in their attempt to collect the subject debt. Said letter alleged that "the regularly scheduled payment" was due according to the terms of the agreement to which Plaintiff had arranged.

25. That Defendant ALW failed to enclose any documentation validating the alleged debt when they mailed their demand for payment on January 6, 2009 and January 9, 2009.

26. That upon receiving the January 9th letter, Plaintiff immediately alerted Defendant ALW that the aforementioned letters misstated that she had entered into a settlement agreement when it was in fact false. Plaintiff explained yet again that she did not owe the subject debt and that she still had not received any documentation validating the alleged debt.

27. That upon hearing Plaintiff's aforementioned complaint, Defendant ALW responded with a threat to communicate false credit information which would negatively affect Plaintiff's credit score unless payment is received.

28. That on January 28, 2009, Plaintiff mailed a dispute letter to Defendant ALW by certified mail, which Defendant ALW received, requesting validation of the alleged debt.

29. That to date, in spite of the letter described in paragraph 28, above, Defendant ALW has failed to send the Plaintiff any documentation validating the alleged debt.

30. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

31. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. The conduct of Defendant ALW as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant ALW violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5), by repeatedly causing Plaintiff's cellular telephone to ring and by engaging Plaintiff in telephone conversations repeatedly.

    B. Defendant ALW violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1), by falsely stating that Plaintiff is legally obligated to make payment on a disputed debt, by falsely stating that they intend to send documentation validating said debt when no such action was intended, by attempting to collect monies not authorized by the agreement creating the debt or permitted by law, by falsely stating that Plaintiff had entered into an agreement to settle the alleged debt, and by using unfair or unconscionable means to attempt to collect the subject debt.

    C. Defendant ALW violated 15 U.S.C. §1692d and 15 U.S.C. §1692e(8), by engaging in conduct the natural consequence of which is to oppress the Plaintiff when they threatened to communicate false credit information which would negatively affect Plaintiff's credit score unless payment was received, and by otherwise engaging in unfair or unconscionable conduct in their attempt to collect the subject debt.

33. That Defendant NCO is vicariously liable for the tortious acts of Defendant ALW described herein pursuant to the laws of agency and otherwise.

34. That as a result of each Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. §1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   (d) For such other and further relief as may be just and proper.

5

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 13, 2009

/s/ Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:   khiller@kennethhiller.com